UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MELVIN A. HART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. 1:11-cv-00043-MJD-TWP |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY | ) | |
| | ) | |
| Defendant. | ) | |

**Entry on Motion for Attorneys' Fees**

This matter is before the Court on the motion by Plaintiff Melvin Hart for an award of

attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), following

the Court's entry of final judgment remanding this case to the Commissioner of the Social

Security Administration ("Commissioner") for further proceedings.  Plaintiff seeks an award of

$6,873.97.

In a suit by or against the federal government, section 204(d) of the EAJA, 28 U.S.C. §

2412(d), requires that the court award to a prevailing party (other than the United States) his

attorneys' fees and expenses, unless the court finds that the United States' position was

substantially justified or special circumstances make an award not just.  Financial means tests

also affect eligibility for a fee award, § 2412(d)(2)(B), but those tests rarely come into play for a

person seeking disability benefits under the Social Security Act. The party's motion to recover

his fees must be timely and supported by an itemized statement from the party's attorney "stating

the actual time expended and the rate at which fees and other expenses were computed." 28

1

U.S.C. § 2412(d)(l)(B). The amount of attorneys' fees must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished," subject to a cap rate of $125.00 per hour plus an increase based on the cost of living if a fee higher than $125.00 is justified. 28 U.S.C. § 2412(d)(2)(A).

The Commissioner opposes Plaintiff's fee request on the grounds that (1) the enhanced hourly rate sought by the Plaintiff based on the increased cost of living is not justified; (2) that the hours counsel spent briefing the case were not reasonably expended; and (3) any EAJA fees awarded by this Court should be paid directly to the Plaintiff and not Plaintiff's counsel. The Commissioner contends that the Plaintiff's fees should be reduced on the basis that Plaintiff's counsel's hours were unreasonable and that he provided no justification for the cost of living rate increase.

First, the Commissioner argues that the requested cost of living increase for counsel's hourly rates is not justified. The Seventh Circuit has determined that an enhanced hourly rate based upon the cost of living increase is not automatic. *Matthews-Sheets v. Astrue*, 653 F.3d 560, 562 (7th Cir. 2011). While Plaintiff is required to demonstrate a basis upon which the cost of living increase is justified, Plaintiff is not required to provide an extensive economic analysis to prove inflation and prevailing market rates, nor is he required to provide extensive proof that no other qualified attorney in the area would otherwise be available at the lower rate. The *Matthews-Sheets* decision does not prescribe any particular manner in which a lawyer might demonstrate that a cost of living increase for legal services is justified, merely that some adequate justification be provided. *See Gonzales v. Astrue*, No. 1:10-cv-00899, 2012 WL 1633937, at *2 (S.D. Ind. May 9, 2012). The cost and burden of proving that a cost of living increase is justified should not outweigh the amount of the fees requested.

While abundant or complex evidence is not required, Plaintiff is required to provide *some* basis to justify an increase in fees from the $125.00 statutory rate, and Plaintiff's argument that the increase "applies a flat percentage to all costs for all attorneys providing such services" is not accurate. "Inflation affects different markets, and different costs in the same market, in different ways." *Matthews-Sheets*, 653 F.3d at 563. The market rate is the rate that lawyers of similar ability and experience in the same community normally charge their clients for similar types of work. *Eddleman v. Switchcraft, Inc.*, 965 F.3d 422, 424 (7th Cir. 1992). The only evidentiary support that Plaintiff provides is a string of citations to other cases in which similar rates were approved by other courts within the Seventh Circuit, with no further explanation. A comparison of cases that were decided outside of this district, which may involve attorneys located in different legal markets, is not an appropriate measure of the proper amount of cost of living increase to apply. *See Early v. Astrue*, No. 1:09-cv-373-WTL-DML, 2011WL 52453 (S.D. Ind. Jan. 6, 2011) (Chicago area consumer price index was appropriate to determine attorneys' fees, not national consumer price index). This comparison does not take into account differing market rates between various legal markets within the circuit, as market rates may vary greatly between cities such as Chicago, Indianapolis and Milwaukee. In the cases Plaintiff does cite from the Southern District of Indiana in which the hourly rate could be determined, the government did not challenge the rate requested; thus these courts did not have occasion to determine whether the rate increase was appropriate. *Strode v. Astrue*, No. 1:09-cv-64-WTL-TAB, 2011 WL 2745941 (S.D. Ind. March 22, 2011); *Johnson v. Astrue*, No. 1:09-cv-1114-DML-LJM, 2011 WL 2006432 (S.D. Ind. May 23, 2011); *Heichelbech v. Astrue*, No. 3:10-cv-00065-WGH-RLY, 2011 WL 4452860 (S.D. Ind. Sept. 26, 2011). In fact, this Court, in a prior decision awarding fees under the EAJA, advised Plaintiff's counsel that he must provide the

Court and the Commissioner with some information explaining the calculation of the requested hourly rate in future cases. *Smith v. Astrue*, No. 1:09-cv-01165-DML-JMS, 2011 WL 2064843 (S.D. Ind. May 25, 2011). Plaintiff has not met the minimal burden required by *Matthews-Sheets* in providing some basis for the requested increase in the statutory rate. The Court agrees, however, that $125.00 per hour is not an appropriate rate and that there has certainly been some inflation since this rate was set in 1996. Therefore, Plaintiff shall have thirty days from the date of entry of this order to provide the Court and the Commissioner with additional information in support of the requested hourly rates.

Second, the Commissioner argues that the number of hours claimed by Plaintiff is unreasonable. The Commissioner alleges that Plaintiff failed to appropriately itemize entries for time spent on various tasks. When reviewing an EAJA award, the court must exclude hours that were not reasonably expended. *Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008). The Court finds that the amount of time spent on the briefing of the case was not unreasonable, and finds that the entries included in Plaintiff's motion are sufficient. In the case cited by the Commissioner, *Williams v. Astrue*, No. 1:09-cv-1577-DML-RLY, 2011 WL 2532905 (S.D. Ind. June 24, 2011), counsel was admonished for documenting the same number of hours for each task in numerous cases within a one year period, which is what indicated that the plaintiff's petition in that case did not comply with the statutory requirement for an itemized statement. Plaintiff's petition does not seem to fall into this category, as the time entries do differ from other petitions submitted by Plaintiff's counsel. The Court finds the itemization in Plaintiff's petition to be sufficient.

However, upon review of the itemization of the time entries, the Court finds that the number of hours should be reduced based upon the inclusion of time for clerical functions.

4

Clients should not be billed a lawyer's rate for what amounts to purely clerical tasks, thus the time spent on copying is not time reasonably expended.  This Court finds that 1.50 hours spent on copying the transcript of the administrative record is not reasonable, and counsel's total number of hours should be reduced to 38.25 hours.

Finally, the Commissioner argues that any EAJA award ordered by this Court should be made payable directly to the Plaintiff, not counsel.  The Supreme Court has held that an EAJA award is payable to the litigant and is therefore subject to a Government offset to satisfy any pre-existing debt that the litigant owes to the United States. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010).  The Supreme Court went on to note, however, payments continue to be paid directly to counsel in instances where the plaintiff does not owe a debt to the government and has assigned his or her right to receive the fees to the attorney. *Id.* at 2529.  Plaintiff has filed a copy of such an assignment executed by Plaintiff in favor of counsel.  The Court orders that the Commissioner determine whether the United States is entitled to and will exercise a right of offset against the award because of a pre-existing debt owed by the Plaintiff to the government within thirty days from the date of entry of this order.  Any amount remaining after the offset shall be paid to Plaintiff's counsel consistent with the assignment in the record.

## Conclusion

For the foregoing reasons, Plaintiff's motion for an award of attorney's fees [Dkt. 31] under the EAJA is **GRANTED IN PART**.  Plaintiff shall be entitled to fees for 38.25 hours. Plaintiff shall have thirty days from the date of entry of this order to provide the Court and the Commissioner additional information to support the hourly rate requested in Plaintiff's motion. Additionally, the Commissioner shall have thirty days from the date of entry of this order to

advise the Court  whether Plaintiff owes any pre-existing debt to the government and whether

the United States is entitled to and will exercise a right of offset.

So Ordered.

 Dated:   07/03/2012

Distribution List:

Mark/J. Dinsmore
United States/Magistrate Judge
Southern District of Indiana

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Patrick Harold Mulvany
patrick@mulvanylaw.com